## UNITED STATES *v.* KOCH.[1]

### (*Circuit Court, E. D. Missouri.* October 2, 1884.)

1. PENSIONS—CHARGING ILLEGAL FEE—INDICTMENT.

   An indictment for charging and collecting an illegal fee **for obtaining** a pension, need not state how the accused was instrumental, **and what he** did, in procuring the pension.

2. SAME—MALICE.

   It is also unnecessary for it to state that the defendant " **willfully and wrongfully**," or "unlawfully," did the act charged.

3. SAME—ADMISSIBILITY OF EVIDENCE OF A SHAM SALE.

   Where the indictment charges the receipt of a sum in excess of what may be legitimately charged, evidence is admissible to prove that he sold the pensioner property for a sum largely in excess of its value, if supplemented by proof that the sale was a mere trick to obtain an unlawful fee.

4. SAME—PRACTICE—BILL OF EXCEPTIONS.

   Where a bill of exceptions states in such a case that a sale to the pensioner for a price largely in excess of the real value of the property sold was proved, and is silent as to whether or not the necessary supplemental evidence was introduced, it will be presumed that it was.

Indictment for Charging and Collecting an Illegal Fee for Obtaining a Pension.

*William H. Bliss,* for the Government.

*D. P. Dyer,* for defendant.

BREWER, J. In the case of the United States against Louis F. Koch, tried in the district court and convicted there, a writ of error was taken to this court. The indictment charges that the defendant, having been instrumental in obtaining pensions for certain parties, did thereafter charge and receive more than the fee which is authorized by the statute.

Three substantial questions are presented:

1. The indictment charges that the defendant, having been instrumental in procuring the pension of the party named, etc. It does not say how he was instrumental, or what he did in procuring that pension, and the claim is that this indictment should charge how he was instrumental, and what he did in procuring the pension. This is unnecessary. The *gravamen* of the offense is not that he was instrumental in procuring the pension; that simply describes the person who is within the purview of the statute. In the *Britton Case,* a late supreme court decision, (107 U. S. 669; 2 Sup. Ct. Rep. 512,) the charge was that the defendant, being president of a bank, willfully misapplied the funds of the bank. Now, as has been well said by counsel for the government, whatever criticism might have been made and was made upon the use of the words that he "willfully misapplied," nothing was said, nothing ought to have been said, as to the simple allegation that the defendant was president of the bank; that was a mere *descriptio personæ.* And here the fact that the defendant

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

was instrumental in procuring the pension is a minor matter: it is simply that which brings the party within the prohibition of the statute. The *gravamen* of the offense is that, having been thus instrumental, he charged and received a fee in excess of that which the statute warrants. And where this matter is simply subordinate,— the mere description of the person,—I think it unnecessary more than to say that the defendant was such a person.

2. It is insisted that the indictment is deficient, in that it fails to charge that the defendant "willfully and knowingly," or "unlawfully," did the act charged. The offense denounced by this section is charging and receiving more than the prescribed fee. Such a transaction is not inherently vicious. In the absence of a statute prohibiting it, any man may contract for his services; he is not bound to render them; and, rendering them, he may charge the person seeking those services such fee as they may agree upon. It is not a matter which is *malum in se*—inherently vicious; it is a matter which is perfectly legitimate and proper, in the absence of the prohibition of the statute. The statute steps in, and, from motives of public policy, says that no fee shall be received in excess of a prescribed amount; and that is like many provisions found in municipal ordinances, regulating the dealings of one man with another, not inherently vicious, but laying down a rule of conduct which every man must conform to at his peril. It is not like a charge of assault and battery, where the act may or may not be wrong: Assault and battery may be perfectly justified in defense of one's property or person, or from other reasons, and therefore it may be necessary, in such a case, to allege that it is illegally or wrongfully committed. But this is a matter where congress has stepped in and says that, under all circumstances, waiving all questions of intention and all questions of knowledge, it is unlawful for one instrumental in obtaining a pension to charge and receive more than a specified sum. Where the offense is thus simply *malum prohibitum*, where there is no offense growing out of knowledge or intent, I think it is sufficient for the indictment to charge simply that the defendant did the thing prohibited to be done; and that objection fails.

The final question runs along these facts. In the second count the indictment charges that the defendant received from one Morris a sum in excess of that which he might legitimately charge and receive, and it appears by the bill of exceptions that the court permitted the United States to prove that the defendant sold to the pensioner a tract of land for $900, which was largely in excess of its value. It is insisted that that testimony was incompetent. It does not appear from the exceptions that that was all the testimony introduced in reference to that matter. There is nothing, it is true, in the indictment which charges any sale of land, but I think it clear that, under such a charge, it was competent for the government to prove, as the bill of exceptions said it did prove, that the defendant sold a piece of property to the pensioner

at a value largely in excess of its real value, provided that testimony is supplemented by proof that that was a mere cover, a mere trick, by which he obtained more than the legal fee. That such was the testimony I must assume. It does not appear from the bill of exceptions that such was not the testimony, and I think it is competent for the government, on such a charge as this,—that the defendant has taken from the pensioner more fees than he was entitled to,—to show that he did take that excess, although he made, as an excuse or cover, the pretense of a sale of property, or any other pretense. Of course, if it was a mere voluntary transaction, by which property was sold, although for a sum largely in excess of its value, it does not come within the provisions of the statute; but if it was, as stated, a mere trick, a mere cover, by which the real facts of the transaction were attempted to be concealed, I think the government, under such an indictment, could show it, and, as far as the bill of exceptions discloses, that might have been the testimony produced.

Those are the only substantial questions presented, as I look at the record, and in them I see no error. The judgment of the district court in the matter will be affirmed.